UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ALONZO TISDALE<br>    Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC, d/b/a CREDIT BUREAU ENTERPRISES, INC and TRANSWORLD SYSTEMS, INC, and CCS, d/b/a/ CCS NATIONAL LLC, d/b/a CREDIT COLLECTION SERVICES NATIONAL, d/b/a CCS<br>    Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) Case No. 4:22cv101 ALM/KPJ<br>)<br>)<br>)<br>)<br>) **FILED**<br>)<br>) FEB 1 1 2022<br>)<br>) Clerk, U.S. District Court<br>) Eastern District of Texas |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Alonzo Tisdale an individual consumer, against Defendants, The CBE Group, Inc, Transworld Services, Inc, and CCS for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violations of the Fair Credit

1

Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA") enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies

## II.  JURISDICTION AND VENUE

2. Jurisdiction of the court arises under the FDCPA 15 U.S.C § 1692k(d), 28 U.S.C 1331, and FCRA 15 U.S.C § 1681p. Venue in the District is proper in that the Defendants transact business in Dallas, Collin County, Texas, and the conduct complained of occurred in Arlington, Tarrant County, Texas.

## III.  PARTIES

3. Plaintiff Alonzo Tisdale (hereinafter "Mr. Tisdale") is a natural person residing in Plano, Collin County, State of Texas, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and the FCRA 15 U.S.C §1681a(c). Mr. Tisdale has been assigned 100 percent of these claim(s) above from Shawneeka Lyons.

4. Upon information and belief, Defendant The CBE Group, Inc., is an Iowa corporation with its principal place of business located at 1309 Technology PKWY, Cedar Falls, IA 50613.

5. Upon information and belief, Defendant Transworld Systems, Inc., is a California corporation with its principal place of business located at 500 Virginia Dr Ste 514, Ft Washington, PA 19034.

6. Upon information and belief, Defendant Credit Collection Services Group is a Massachusetts corporation with its principal place of business located at 725 Canton Street, Norwood, MA 02062-2679.

7. Defendants The CBE Group Inc, Transworld Systems Inc, and Credit Collection Services are engaged in the collection of debt from consumers using the mail and telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to another's.

8. Defendants The CBE Group Inc, Transworld Systems Inc, and Credit Collection Services (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6) and also a "furnisher" as defined by 15 U.S.C §1681s-2(b).

## IV.   FACTS OF THE COMPLAINT

9. On or about August 4th, 2021 Ms. Lyons applied for and was denied for various credit cards, an SBA loan, and a mortgage loan and thereafter obtained a copy of her consumer report and noticed that it contained incomplete, inaccurate, and false information.

3

10. On or about September 8th, 2021, Ms. Lyons reviewed her credit report on "Identity IQ."

11. On the report, Ms. Lyons observed a trade line from all Defendants.

12. Defendant (The CBE Group, Inc.) furnished a trade line of $369, allegedly owned to Charter Communication.

13. Defendant (Transworld Services Inc.,) furnished a trade line of $564, allegedly owned to Direct Energy.

14. Defendant (CCS,) furnished a trade line of $564, allegedly owned to Direct Energy.

15. On or about September 23rd, 2021, Ms. Lyons mailed a certified dispute letter to each debt collector individually calling into question the accuracy and completeness of the collection accounts.

16. On or about October 14th, 2021, Plaintiff also sent written disputes to Trans Union, Equifax and Experian disputing the accuracy and completeness of the collection accounts and received the dispute notification about the completeness and accuracy of the false information as verified.

17. Defendants, after receiving notices of Ms. Lyons disputes of the information they furnished to consumer reporting agencies, failed to (a)

      conduct an investigation with respect to the disputed information, (b) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of the FCRA, (c) report the results of the investigation to the consumer reporting agency, (d) report that the information was incomplete, inaccurate, and/or unverifiable to the consumer reporting agencies, and (e) request that the disputed information be deleted or permanently blocked as required pursuant to the FCRA, 15 U.S.C. §1681s-2(b)(1).

18. Upon information and belief TransUnion, Equifax, and or Experian, consumer reporting agencies, sent Ms. Lyons' disputes communicating to Defendants providing all relevant information to Plaintiffs dispute.

19. Upon information and belief, Defendants verified to consumer reporting agencies TransUnion, Equifax, and Experian that Ms. Lyon disputed information was accurate and complete and failed to notate the information as disputed.

20. As a result of the action and/or inactions of Defendants, Plaintiff suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

21. On January 5th 2022, Ms. Lyons re-checked her credit reports and The CBE Group Inc failed to communicate that the debt was disputed by Ms. Lyons.

22. Ms. Lyons disputed the alleged account directly with The CBE Group as well as directly with TransUnion, Experian, and Equifax. Ms. Lyons re-checked her credit report on January 6th, 2022 The CBE Group failed to communicate that the debt was disputed from the September 2021 disputes by Ms. Lyons.

23. The CBE Group had in fact deleted the accounts from TransUnion and Experian but neglected to delete the account from Equifax or mark as disputed.

24. This change in the account reporting still holds a negative impact and continues to cause damage to Ms. Lyons credit profile.

25. On about February 8th, 2022 Ms Lyons called to Defendant The CBE Group, from the Defendants own reports the true open date is May 23rd, 2019 was but reported February 1st, 2021 which is false.

26. On about February 8th, 2022 Ms Lyons called to Defendant The CBE Group, from the Defendants own reports the true date last payment is July 12th, 2019, but reported February 1st, 2021 which is false.

27. On about February 8th, 2022 Ms Lyons called to Defendant CCS, from the Defendants own reports the true open date is March 22nd, 2021, was but reported June 1st, 2021 which is false.

28. On about February 8th, 2022 Ms Lyons called to Defendant CCS, from the Defendants own reports the true date of last payment is April 6th, 2021, but reported June 1st, 2021 which is false.

29. On about February 8th, 2022 Ms Lyons called to Defendant Transworld Services, Inc, from the Defendants own reports the true open date is January 11th, 2019, but reported February 1st, 2022 which is false..

30. On about February 8th, 2022 Ms Lyons called to Defendant Transworld Services, Inc, from the Defendants own reports the true date of last payment is was not in the Defendants records, 2019, but reported February 1st, 2022 which is false.

31. The Transworld Services, Inc. alleges and communicates the "collection is for their client Orion Portfolio Services for original creditor First Choice Power, but reported original creditor as Direct Energy

32. Defendant, The CBE Group materially lowered Plaintiff's credit score by failing to mark Ms. Lyons dispute.

33. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

34. Debt Collector's materially lowered Ms. Lyons credit score by reporting false information to Ms. Lyons consumer reporting agencies.

35. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the FICO Scores, personal, credit reputation of Ms. Lyons and caused severe humiliation, and emotional distress and mental anguish.

36. Defendants, after receiving notices of Ms. Lyons disputes of the information they furnished to consumer reporting agencies, failed to (a) conduct an investigation with respect to the disputed information, (b) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of the FCRA, (c) report the results of the investigation to the consumer reporting agency, (d) report that the information was incomplete, inaccurate, and/or unverifiable to the consumer reporting agencies, and (e) request that the disputed information be deleted or permanently blocked as required pursuant to the FCRA, 15 U.S.C. §1681s-2(b)(1).

37. Upon information and belief TransUnion, Equifax, and or Experian, consumer reporting agencies, sent Ms. Lyons' disputes communicating to Defendants providing all relevant information to Plaintiffs dispute.

38. Upon information and belief, Defendants verified to consumer reporting agencies TransUnion, Equifax, and Experian that Ms. Lyon disputed information was accurate and complete and failed to notate the information as disputed.

39. As a result of the action and/or inactions of Defendants, Plaintiff suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## V.   FIRST CLAIM FOR RELIEF
(Violation of 15 U.S.C §1681s-2(b)(1)(a)Defendant's The CBE Group Inc, and Transworld Systems Inc, and CCS)

40. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

41. The Defendants violated 15 U.S.C. §1681s-2(b)(1)(a) because they failed to conduct an investigation with respect to the disputed information they received from consumer reporting agencies regarding the information they furnished.

42. Defendants cause injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

43. Defendants were willfully noncompliant with the FCRA by its conduct.

44. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n

45. Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs, and fees 15 U.S.C. § 1681o.

## VI. SECOND CLAIM FOR RELIEF
(Violation of 15 U.S.C §1681s-2(b)(1)(B)Defendant's The CBE Group Inc, and Transworld Systems Inc., and CCS)

46. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

47. The Defendants violated 15 U.S.C. §1681s-2(b)(1)(B) because they failed to review and consider all relevant information forwarded to them by the consumer reporting agencies pursuant to section. 1681i(a)(2) of the FCRA.

48. Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

49. Defendants were willfully noncompliant with the FCRA by its conduct.

50. Plaintiff is entitled to actual damages, punitive damages, and costs, and fees pursuant to 15 U.S.C. § 1681n

51. Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs, and fees pursuant to 15 U.S.C. § 1681o.

## VII.   THIRD CLAIM FOR RELIEF
### (Violation of 15 U.S.C §1681s-2(b)(1)(c)Defendant's The CBE Group Inc, and Transworld Systems Inc, and CCS)

52. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

53. The Defendants violated 15 U.S.C. §1681s-2(b)(1)(c) because they failed to report the results of their investigation to the consumer reporting agencies.

54. Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

11

55. Defendants were willfully noncompliant with the FCRA by its conduct.

56. Plaintiff is entitled to actual damages, punitive damages, and costs, and fees pursuant to 15 U.S.C. § 1681n.

57. Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs and fees pursuant to 15 U.S.C. § 1681o.

### VIII. FOURTH CLAIM FOR RELIEF
(Violation of 15 U.S.C §1681s-2(b)(1)(D)Defendant's The CBE Group Inc, and Transworld Systems Inc., and CCS)

58. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

59. The Defendants violated 15 U.S.C. §1681s-2(b)(1)(D) because they failed to report to consumer reporting agencies that they furnish information that their investigation results found the information disputed by Plaintiff to be incomplete or inaccurate

60. Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

61. Defendants were willfully noncompliant with the FCRA by its conduct.

62. Plaintiff is entitled to actual damages, punitive damages, costs and fees pursuant to 15 U.S.C. § 1681n.

Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs and fees pursuant to 15 U.S.C. § 1681o.

### IX.   FIFTH CLAIM FOR RELIEF
(Violation of 15 U.S.C §1681s-2(b)(1)(E)Defendant's The CBE Group Inc, and Transworld Systems Inc., and CCS)

63. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

64. The Defendants violated 15 U.S.C. §1681s-2(b)(1)(E) because they failed to request that the consumer reporting agencies delete or permanently block the information disputed by Plaintiff that was incomplete or inaccurate.

65. Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

66. Defendants were willfully noncompliant with the FCRA by its conduct.

67. Plaintiff is entitled to actual damages, punitive damages, costs, and fees pursuant to 15 U.S.C. § 1681n.

68. Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs and fees pursuant to 15 U.S.C. § 1681o.

## X. SIXTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C §1692e(8) Defendant's The CBE Group Inc)

69. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

70. Defendants violated 15 U.S.C. §1692e(8) by failing to notate that the disputed information that it furnished to consumer reporting agencies about Plaintiff was disputed.

71. Defendants violated 15 U.S.C. §1692e(8) by communicating to consumer reporting agencies information regarding Plaintiff which they knew or should have known to be false, including the failure to communicate that the disputed debt is disputed.

72. Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

73. Defendants were willfully noncompliant with the FCRA by its conduct.

74. Plaintiff is entitled to actual damages, punitive damages, costs, and fees pursuant to 15 U.S.C. § 1681n.

75. Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs and fees pursuant to 15 U.S.C. § 1681o.

76. As a result of the above violations of the FCRA, the Defendants are liable to the Plaintiff actual damages, statutory damages, costs, and fees.

### VI. SEVENTH CLAIM FOR RELIEF
(Defendant The CBE GROUP INC.,)

77. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

78. The Debt Collector's violated the FDCPA.

79. The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector's violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was disputed by Ms. Lyons.

80. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff actual damages, statutory damages, cost and fees.

### VII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collectors for:

A. Judgment for the violations occurred for violating the FDCPA and FCRA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2) and 15 U.S.C. 1681n(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2) and 15 U.S.C. 1681n(2);

D. Cost pursuant to 15 U.S.C 1692k(3) and 15 U.S.C. 1681n(3);

E. For deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

_____
Alonzo Tisdale
7950 Legacy PKWY 4th floor # 1024
Plano, TX 75024
469.728.4128 (telephone)
alonzotisdale0@gmail.com (email)