IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALONZO TISDALE, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-101-ALM-KPJ |
| | § | |
| THE CBE GROUP, INC., *doing business as* CREDIT BUREAU ENTERPRISES, INC., *et al.*, | § § § § | |
| | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant CBE Group, Inc. d/b/a Credit Bureau Enterprises, Inc.'s ("CBE") Motion to Dismiss Pursuant to FCRP 12(b)(1) and Motion for Judgment on the Pleadings ("CBE's Motion") (Dkt. 26). Upon consideration, the Court recommends CBE's Motion (Dkt. 26) be **GRANTED** to the extent it seeks to dismiss Plaintiff Alonzo Tisdale's ("Plaintiff") claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and recommends Plaintiff's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE** for lack of standing. The Court further recommends **DENYING AS MOOT** the remaining pending motions (Dkts. 21, 30, 39).

**I.  BACKGROUND**

On February 11, 2022, Plaintiff Alonzo Tisdale, proceeding *pro se*, filed this lawsuit against Defendants CBE, Transworld Systems, Inc. ("TSI"), and Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS," and together, "Defendants") asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Fair Credit Reporting

Act ("FCRA"), 15 U.S.C. § 1681, et seq. *See* Dkt. 1. Plaintiff asserts that Shawneeka Lyons ("Ms. Lyons") assigned "100 percent of these claim(s)" to Plaintiff. *Id.* at 2.[1] Plaintiff alleges "[o]n or about August 4th, 2021, Ms. Lyons applied for and was denied for various credit cards, an SBA loan, and a mortgage loan and thereafter obtained a copy of her consumer report and noticed that it contained incomplete, inaccurate, and false information." *Id.* at 3. Plaintiff alleges Ms. Lyons observed trade lines from all Defendants that were allegedly inaccurate, and Ms. Lyons mailed a certified dispute letter to each Defendant individually on September 23, 2021. *See id.* at 4. Plaintiff asserts Ms. Lyons contacted TransUnion, Equifax, and Experian regarding Ms. Lyons's disputes, and alleges Defendants incorrectly "verified to consumer reporting agencies TransUnion, Equifax, and Experian that Ms. Lyon disputed information was accurate and complete and failed to notate the information as disputed." *Id.* at 4–5. Plaintiff appears to assert Ms. Lyons "suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate." [2] *Id* at 5. Plaintiff asserts Ms. Lyons checked her credit report again on January 5, 2022 and January 6, 2022, and found CBE had failed to communicate the debt was disputed, and, while having deleted the accounts from TransUnion and Experian, CBE had failed to delete the accounts from Equifax or mark them as disputed. *See id.* at 6. Plaintiff alleges Ms. Lyons contacted all Defendants on February 8, 2022, to dispute the allegedly false opening date and last payment date. *See id.* at 7. Plaintiff asserts Ms. Lyons's credit score was materially lowered. *See Id.* at 8.

---

[1] The Court refers to CM/ECF pagination rather than internal pagination for all citations.

[2] Plaintiff appears to allege with form language that he suffered damages twice in his Complaint and Amended Complaint. *See* Dkt. 1 at 5, 9; Dkt. 23 at 5. However, Plaintiff has asserted throughout his Complaint and Amended Complaint that the alleged injury occurred to Ms. Lyons; Plaintiff does not allege any facts as to how the injury occurred to himself.

CBE filed its answer (Dkt. 11) on March 8, 2022; CCS filed its answer (Dkt. 14) on March 10, 2022; and TSI filed its answer (Dkt. 20) on March 22, 2022. On March 24, 2022, CCS filed its Motion for Judgment on the Pleadings ("CCS's Motion") (Dkt. 21) arguing the assignment of FCRA and FDCPA claims to Plaintiff would defeat the primary purpose of the statutes, Plaintiff's actions may constitute the unauthorized practice of law, Texas law prohibits the assignment of unfiled claims, and the complaint fails to allege sufficient facts to support the claim that the obligation is a debt under the FDCPA. *See id.* at 7–23. On March 28, 2022, Plaintiff filed his response, asserting assignment was proper and citing to *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) as support. *See* Dkt. 22. Additionally, Plaintiff filed the Amended Complaint (Dkt. 23) on the same day, asserting his original allegations and claims of relief with additional factual allegations as to communications with "Representative Alem employee ID # 101349" at TSI on February 8, 2022.[3] *See id.* at 7–8. On April 5, 2022, CBE filed the Motion to Dismiss Pursuant to Rule 12(b)(1) and Motion for Judgment on the Pleadings (Dkt. 26), wherein CBE argues Plaintiff lacks Article III standing, the FCRA and FDCPA claims are not assignable, and Plaintiff cannot bring claims on behalf of Ms. Lyons. *See id.* at 5–11. On April 26, 2022, Plaintiff filed his response arguing assignment was proper and citing to *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) as support. *See* Dkt. 29. On May 3, 2022, CBE filed its reply (Dkt. 31) arguing *Sprint Commc'ns Co., L.P.* does not support Plaintiff's arguments, and Plaintiff has failed to address CBE's argument regarding standing. *See* Dkt. 31. On June 16, 2022, CBE filed a Notice of Amended Supplemental Authority (Dkt. 38), wherein CBE cites to *Bradley Young v. Portfolio Recovery Assocs., LLC*, 6:22-cv-81 (E.D. Tex. June 15, 2022), and a number of cases in the Western District of Oklahoma including and related to *Dotson v. Penn. Higher*

---

[3] It is not clear from Plaintiff's Amended Complaint which party or Defendant employs "Alem." However, it appears from Plaintiff's allegations to be TSI. *See* Dkt. 23 at 7–8.

*Educ. Assistance Agency*, No. CIV-21-1203, 2022 WL 1630908, at *1 (W.D. Okla. May 23, 2022). *See* Dkt. 38.

On April 11, 2022, TSI filed its answer to Plaintiff's Amended Complaint. *See* Dkt. 28. On April 28, 2022, Plaintiff filed the Motion to Strike Defendant Transworld Systems, Inc.'s Answer to Amended Complaint ("Plaintiff's Motion to Strike") (Dkt. 30) arguing the twelve affirmative defenses within TSI's answer (Dkt. 28) "are insufficiently pled, frivolous, vague, conclusory, and without factual basis" and should be stricken. Dkt. 30 at 2–3. On July 1, 2022, Plaintiff filed the Motion to Compel Arbitration and Stay Proceedings (Dkt. 39), wherein Plaintiff moves the Court to compel arbitration pursuant to a "binding arbitration provision mandating that any and all disputes be resolved in arbitration." *Id.* at 2. On July 15, 2022, Defendants filed responses opposing Plaintiff's Motion to Compel Arbitration, arguing that Plaintiff has waived his right to arbitration, has failed to meet his initial burden or prove the existence of a valid agreement to arbitrate, failed to show he is a party to such an arbitration agreement, and the issue of Article III standing must be decided first. *See* Dkts. 40, 41, 42.

## II. LEGAL STANDARD

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *Braatz, L.L.C. v. Red Mango FC, L.L.C.*, 642 F. App'x 406, 408–09 (5th Cir. 2016) (per curiam) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Addressing Rule 12(b)(1) arguments first 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Gonzalez v. Mayhill Behavioral Health, LLC*, No. 4:19-cv-230, 2019 WL 2395274, at *1 (E.D. Tex. June 6, 2019) (quoting *Ramming*, 281 F.3d at 161). "Where a court lacks the statutory power to adjudicate a case,

it must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:15-cv-2420, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Similarly, Federal Rule of Civil Procedure 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Thus, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing FED. R. CIV. P. 12(h)(3)). Pursuant to its lack of subject-matter jurisdiction, courts may therefore dismiss an action even if the defendant does not move for dismissal. *See Redmond v. Wells Fargo Bank N.A.*, No. 4:21-mc-5, 2022 WL 3142343, at *9 (E.D. Tex. Aug. 5, 2022) (collecting cases); *see also May v. Tex. by Cascos*, No. 5:16-cv-238, 2017 WL 7513550, at *5 (N.D. Tex. Nov. 27, 2017), *R. & R. adopted*, No. 5:16-CV-238, 2018 WL 798738 (N.D. Tex. Feb. 8, 2018) ("The court therefore '[has] the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985))). If the court finds the plaintiff does not have standing pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, it must dismiss the plaintiff's claims without prejudice. *See Staten v. Harrison Cnty.*, No. 20-60329, 2021 WL 5766576, at *2 (5th Cir. Dec. 3, 2021) (per curiam) (citing *Griener v. United States*, 900 F.3d 700, 705–06 (5th Cir. 2018)).

### III.   ANALYSIS

"Article III of the United States Constitution provides that federal courts have the power to decide only actual cases or controversies." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714–

15 (5th Cir. 2012) (citing U.S. CONST. art. III, § 2). To establish standing, three elements are necessary: (1) "the plaintiff must have suffered an 'injury in fact' —an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted) (cleaned up). In order to satisfy the case or controversy requirement, Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted); *Young v. Portfolio Recovery Assocs., LLC*, No. 6:22-cv-81, 2022 WL 2163821, at *2 (E.D. Tex. May 20, 2022), *R. & R. adopted*, 2022 WL 2161027 (E.D. Tex. June 15, 2022) ("The party invoking federal jurisdiction bears the burden of establishing the requisite standing requirements are satisfied." (citing *Lujan*, 504 U.S. at 561)). Injury in fact is the "first and foremost of standing's three elements." *Spokeo, Inc.*, 578 U.S. at 338 (citation omitted).

Plaintiff does not allege an injury in fact to himself caused by Defendants, but rather alleges Ms. Lyons suffered an injury in fact due to Defendants' alleged actions. *See* Dkt. 28. Therefore, the Court must first determine whether the alleged assignment by Ms. Lyons of her interest in the FDCPA and FCRA claims to Plaintiff constitutes a valid assignment. *See Tex. Life Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Ent. Co.*, 105 F.3d 210, 216 (5th Cir. 1997) ("[T]here is no valid assignment and, thus, no derivative standing."). The FDCPA and FCRA do not address the assignability of claims. Therefore, to resolve whether FDCPA and FCRA claims are assignable, the Court must "either adopt a federal common-law rule of decision or incorporate

6

state law." *Dotson v. Penn. Higher Educ. Assistance Agency*, No. CIV-21-1203, 2022 WL 1630908, at *1 (W.D. Okla. May 23, 2022) (citing *Ellis v. Liberty Life Assurance Co. of Bos.*, 958 F.3d 1271, 1281 (10th Cir. 2020), *cert. denied*, 141 S.Ct. 2567 (2021)).

Because the Court's jurisdiction in the present action is rooted in federal question jurisdiction, the Court applies federal common law choice of law principles. *See Jimenez v. Sun Life Assurance Co. of Can.*, 486 F. App'x 398, 406–07 (5th Cir. 2012) (collecting cases). "The federal choice-of-law analysis would look to the UCC and the Second Restatement of Conflicts of Law to determine which state has the 'most significant relationship' to the case." *Fishback Nursery, Inc., v. PNC Bank, Nat'l Assoc.*, 920 F.3d 932, 936 (5th Cir. 2019) (citing *In re Mirant Co.*, 675 F.3d 530, 536 (5th Cir. 2012)). Section 188 of the Restatement provides: "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties. . . ." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (AM. LAW INST. 1969). Section 188 of the Restatement further states that courts employing the most significant relationship test should take into account: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties." *Id.* In the present case, Texas—the place of assignment, its performance, and where Plaintiff resides—has the most significant relationship to the issue of whether the alleged assignment to Plaintiff was valid. *See Dotson*, 2022 WL 1630908, at *2.

In *State Farm Fire and Cas. Co. v. Gandy*, the Supreme Court of Texas explained the common law's rejection of the assignment of causes of actions had largely collapsed and, thus, there is only a limited number of causes of action that are not assignable. 925 S.W.2d 696, 706–

07 (Tex. 1996). However, the Supreme Court of Texas also counseled that "the assignability of *most* claims does not mean *all* are assignable; exceptions may be required due to equity and public policy." *PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship.*, 146 S.W.3d 79, 87 (Tex. 2004) (internal citation omitted). In *PPG Indus., Inc.*, the Texas Supreme Court held a claim under the Deceptive Trade Practices Act ("DTPA") was not assignable because the DTPA had "a personal aspect that cannot be squared with a rule that allows assignment of DTPA claims as if they were merely another piece of property." *Id.* at 91; *see also id.* at 84 ("While the DTPA allows the attorney general to bring consumer protection actions, one of the statute's primary purposes is to encourage *consumers themselves* to file their *own* complaints."). Thus, the Texas Supreme Court found DTPA claims were not assignable due to the DTPA's "primary purpose, the personal and punitive nature of both DTPA claims and DTPA damages, and the risks to the adversarial process . . . ." *Id.* at 92.

The primary purpose of the FDCPA is to "eliminate abusive, deceptive, and unfair debt collection practices" and it "accomplishes that purpose by regulating the kind and frequency of contact a *debt collector* may have with a *consumer* . . . ." *Houser v. LTD Fin. Servs. LP*, 512 F. Supp. 3d 746, 749 (S.D. Tex. 2021) (citing 15 U.S.C. § 1692). The FDCPA provides for actual damages, attorney's fees, and, in the case of an individual plaintiff, additional damages as the court may allow but not exceeding $1,000. *See* 15 U.S.C. § 1692(k). Further, the FCRA's primary purpose is to "protect consumer privacy," and negligent or willful violations of the FCRA may result in both liability to the consumer for actual damages, attorney's fees, and punitive damages for a willful violation of any provision of the FCRA. *In re Croft*, 500 B.R. 823, 843 (Bankr. W.D. Tex. 2013) (citing 15 U.S.C. § 1681). Thus, like the DTPA, the FDCPA and FCRA encourage consumers to file their own complaints to ensure that debt collectors "eliminate abusive debt

8

collection practices," 15 USC § 1692(e), and consumer reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681. These claims are not "merely another piece of property," *PPG Indus., Inc.*, 146 S.W.3d at 91. Therefore, the Court finds FDCPA and FCRA claims are not assignable.

The Court is not aware of any authority that supports the assignment of FDCPA and FDCRA claims to Plaintiff. On the contrary, a number of courts have recently addressed the issue of assignment of FDCPA and FDCRA claims, and all have found assignment of such claims to be invalid. *See Dotson*, 2022 WL 1630908, at *2 (finding assignment of FCRA claims to be invalid after incorporating state law on assignment and, accordingly, dismissing claims without prejudice due to lack of subject-matter jurisdiction); *Young*, 2022 WL 2163821, at *2 (finding no subject-matter jurisdiction for FDCPA claim because the "[p]laintiff has failed to allege that he can stand in the shoes of the [assignor] . . . ."); *Jones v. Credit Control Co.*, No. 4:22cv18, 2022 WL 3924225, at *4 (E.D. Va. Aug. 29, 2022) (finding assignment of FDCPA claim was invalid after incorporating state law on assignment and, therefore, holding the plaintiff lacked standing to bring his FDCPA claim); *James v. Puget Sound Collections*, No. 22-5237, 2022 WL 2357050, at *2–3 (W.D. Wash. June 30, 2022) (finding assignment of FDCPA claim was invalid after incorporating state law on assignment).

Plaintiff's citation to *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) is unavailing. *Sprint Commc'ns Co., L.P.*, involved violations of the federal Communications Act—not the FDCPA and FCRA. *See id.* The validity of assignment was not at issue in *Sprint Commc'ns Co., L.P.* Furthermore, the FDCPA and FCRA impose liability for noncompliance and penalties payable in respect to "such person," 15 U.S.C. § 1692, i.e. the person who suffers the injury in fact as to an FDCPA violation, and "that consumer," 15 U.S.C. § 1681(n)–(o), i.e. the

9

consumer who suffers an injury in fact as to an FCRA violation. The limiting language within the FDCPA and FCRA imposing liability to "such person," 15 U.S.C. § 1692, and "that consumer" injured by noncompliance, 15 U.S.C. § 1681(n)–(o), respectively, is not present in the federal Communications Act. In *James*, the court found *Sprint Commc'ns Co., L.P.*, did not apply to assignment of FDCPA claims because the FDCPA imposed liability as to "such person." 2022 WL 2357050, at *2. The FDCPA and FCRA impose language limiting liability as to the persons and consumers injured and, thus, cannot be construed to allow for assignment.

Furthermore, as the assignment is invalid and Plaintiff is not a licensed attorney, Plaintiff cannot represent Ms. Lyons, as to do so would constitute the unauthorized practice of law. *See Young*, 2022 WL 2163821, at *2 (citing *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, no pet.)).

## IV.     RECOMMENDATION

For the foregoing reasons, the Court recommends CBE's Motion (Dkt. 26) be **GRANTED** to the extent it seeks to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and recommends Plaintiff's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE** for lack of standing. The Court further recommends **DENYING AS MOOT** the remaining pending motions (Dkts. 21, 30, 39).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report


shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE